**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SHANE T. BORMAN,

              **Plaintiff,**

    vs.                          **Case No. 2:12-cv-509**
                                       **Judge Frost**
                                     **Magistrate Judge King**

COMMISSIONER OF SOCIAL SECURITY,

              **Defendant.**

**REPORT AND RECOMMENDATION**

**I.    Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income.  This matter is now before the Court on plaintiff *Statement of Errors*, Doc. No. 18, and the Commissioner's *Opposition to Statement of Errors* ("*Commissioner's Response*"), Doc. No. 21.  This matter is also before the Court on plaintiff's motion to remand this action under Sentence Six of 42 U.S.C. § 405(g), *Plaintiff's Motion for Remand*, Doc. No. 6, and the Commissioner's *Opposition to Motion to Remand*, Doc. No. 20. Plaintiff has not filed a reply in support of either motion.

Plaintiff Shane T. Borman filed his application for disability insurance benefits on August 7, 2007, and his application for supplemental security income on December 8, 2009, alleging that he has been disabled since January 1, 1998.  *PAGEID* 162, 170.  The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on October 15, 2010, at which plaintiff, represented by counsel, appeared and testified, as did Jennifer Bauk, who testified as a witness, and William Tansey, who testified as a vocational expert. *PAGEID* 72-73.  In a decision dated November 24, 2010, the administrative law judge concluded that plaintiff was not disabled from January 1, 1998, through the date of the administrative decision. *PAGEID* 66.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on May 7, 2012. *PAGEID* 39.

Plaintiff was 32 years of age on the date of the administrative law judge's decision. *See PAGEID* 66, 170.  Plaintiff has at least a high school education, is able to communicate in English, and has no past relevant work. *PAGEID* 65.  Plaintiff was last insured for disability insurance purposes on December 31, 2008. *PAGEID* 58.  He has not engaged in substantial gainful activity since his alleged date of onset of disability. *Id.*

## II.  Administrative Decision

The administrative law judge found that plaintiff's diagnosed panic disorder is a severe impairment. *PAGEID* 58.  However, that impairment neither meets nor equals a listed impairment and leaves plaintiff with the residual functional capacity ("RFC") to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: simple routine tasks, low-stress jobs, defined as occasional decision making and occasional changes in work setting, no production rate or quota requirements, and although he could be around co-workers, the claimant should not be around the public.

*PAGEID* 59-60.  The administrative law judge relied on the testimony of the vocational expert to find that this residual functional capacity allows plaintiff to perform a significant number of jobs in the national economy.  *PAGEID* 65-66.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from January 1, 1998, through the date of the administrative law judge's decision.  *PAGEID* 66.

## III.  Discussion

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would

3

decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in failing to consider, discuss, or even mention the medical opinion of psychologist David R. Bousquet, M.Ed., in determining plaintiff's residual functional capacity.[1] *Statement of Errors*, p. 1. Plaintiff was evaluated by David Bousquet on October 3, 2008. *PAGEID* 484-91. Plaintiff reported that he frequently experiences panic attacks, has difficulty sleeping, suffers from low self-esteem, and is depressed, anxious, and frequently angry. *PAGEID* 485-87. He left his previous jobs because he had "a hard time being around people," experienced panic attacks while driving, and "cuss[ed] out [his] boss" after experiencing a panic attack. *PAGEID* 486. Xanax helps "calm[] [him] down" and he has not had problems with depression since he started taking Lexapro. *PAGEID* 485-86.

Mr. Bousquet described plaintiff as anxious, restless, fidgety, and depressed. *PAGEID* 484, 486. He assigned a global assessment of functioning score ("GAF") of 50[2] and diagnosed bipolar I disorder, most

---

[1] Plaintiff also argues that the administrative law judge erred by failing to fully develop the record and by failing to consider that a lack of money or insurance was the reason that plaintiff did not consistently take medications or attend counseling. *Statement of Errors*, p. 1. Because the Court concludes that the matter must be remanded for further consideration of Mr. Bousquet's opinion, the Court need not and does not consider plaintiff's remaining contentions.

[2] The GAF scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health. The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score of 50 or below. Scores between 51 and 60 represent moderate symptoms or a moderate difficulty in social, occupational, or school functioning . . . .

recent episode depressed, and post-traumatic stress disorder, chronic, and a personality disorder, NOS with dependent and avoidant features. *PAGEID* 488-89.  Mr. Bousquet opined that plaintiff was mildly impaired in his ability to "understand, follow and remember detailed/complex instructions and directions;" moderately impaired in his ability to "relate to others including co-workers and supervisors," "to maintain attention and concentration in order to perform simple repetitive tasks," and "to maintain an adequate persistence and pace from an emotional and psychological prospective;" and moderately to markedly impaired in his "ability to deal with stress and pressures associated with day-to-day work activities effectively and adaptively."  *PAGEID* 490.  Mr. Bousquet further opined that plaintiff would likely experience an exacerbation of his emotional and psychological problems if subjected to stress and pressure.  *Id*.

An administrative law judge is required to evaluate every medical opinion, regardless of its source.  20 C.F.R. §§ 404. 1527(c); 416.927(c).  However, every medical opinion is not treated equally; the Regulations describe three classifications for acceptable medical opinions: (1) nonexamining sources;[3] (2) nontreating sources (or examining sources); and (3) treating sources.[4]  As a one-time consultative psychological examiner, Mr. Bousquet is properly

---

*Norris v. Comm'r of Soc. Sec.*, No. 11-5424, 2012 WL 372986 (6th Cir. Feb. 7, 2012).

[3] A nonexamining source is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case."  20 C.F.R. §§ 404.1502, 416.902.

[4] A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]."  *Id*.

classified as a nontreating source.  *See* 20 C.F.R. §§ 404. 1502,

416.902 ("Nontreating source means a physician, psychologist, or other

acceptable medical source who has examined [the claimant] but does not

have, or did not have, an ongoing treatment relationship with [the

claimant].").

The Social Security Administration gives the most weight to the

opinions of treating sources; if an administrative law judge does not

give "controlling weight" to the medical opinion of a treating source,

she must provide "good reasons" for discounting the opinion.  *See*

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)

(quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5); *Ealy v. Comm'r*

*of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010).  "However, this

requirement only applies to *treating* sources."  *Ealy*, 594 F.3d at 514

(citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir.

2007)(emphasis in original)).  With regard to nontreating sources such

as Mr. Bousquet, "the agency will simply '[g]enerally [] give more

weight to the opinion of a source who has examined [the claimant] than

to the opinion of a source who has not examined' him."  *Id*. (quoting

20 C.F.R. § 404.1527(d)(1)).  *See also Smith*, 482 F.3d at 875.  In

determining how much weight to give the opinion of a nontreating

source, an administrative law judge should still "consider factors

including the length and nature of the treatment relationship, the

evidence that the physician offered in support of her opinion, how

consistent the opinion is with the record as a whole, and whether the

physician was practicing in her specialty."  *Ealy*, 594 F.3d at 514

(citing 20 C.F.R. § 404.1527(d)).

In the case presently before the Court, the Commissioner argues that "a careful reading of the ALJ's decision reveals that the ALJ did mention Dr. [sic] Bousquet's examination." *Commissioner's Response*, p. 10.  The Commissioner does not, however, quote any portion of the administrative law judge's decision in support of this argument. Rather, the Commissioner argues that the administrative law judge adequately considered Mr. Bousquet's opinion because the administrative law judge's residual functional capacity assessment "include[s] several limitations similar to Dr. [sic] Bousquet's opinion" and because the administrative law judge credited "the November 2008 opinion of non-examining psychological consultant, Karla Voyten, who gave little weight to Dr. [sic] Bousquet's opinion[]." *Id*. at pp. 10-11.  The Commissioner's arguments are without merit.

The administrative law judge's decision does mention, as the Commissioner argues, Mr. Bousquet's "examination."  *See PAGEID* 63 ("Furthermore, when the consultative examiner asked the claimant why his wife separated, the claimant stated, 'Because of me not being able to work' (Exhibit 11F, p.2)."), *PAGEID* 64.  However, the administrative law judge did not evaluate Mr. Bousquet's opinion or report, but mentioned – only in her consideration of plaintiff's credibility – only a single statement made by plaintiff to Mr. Bousquet. *See id*.  This passing reference to Mr. Bousquet's "examination" is not, however, sufficient to satisfy the requirements of 20 C.F.R. §§ 404.1527(c), 416.927(c), because the administrative law judge referred to only statements made by plaintiff during the examination and not to Mr. Bousquet's "medical opinion."  *Compare* 20

C.F.R. §§ 404.1527(c), 416.927(c) (requiring administrative law judges to evaluate every "medical opinion"), *with* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.").

There is no indication whatsoever that the administrative law judge considered Mr. Bousquet's "medical opinion."  The administrative law judge made no mention of Mr. Bousquet's medical opinion, nor did she consider the evidence offered in support of the opinion, how consistent the opinion is with the record as a whole, or whether Mr. Bousquet was practicing his specialty. *See Ealy*, 594 F.3d at 514 (citing 20 C.F.R. § 404.1527(d)).  Although the administrative law judge may not be required to expressly articulate the actual weight assigned to the medical opinion of a nontreating source, or the reason for assigning that weight, nor is the administrative law judge necessarily required to expressly articulate "good reasons" for discounting the opinion of a nontreating source, *see Jewell v. Comm'r of Soc. Sec.*, No. 08-58-DLB, 2008 WL 4656911, at *3 (E.D. Ky. Oct. 21, 2008), it must be apparent from a fair reading of the administrative law judge's decision that the medical opinions of nontreating sources were at least considered.  This is not the case here.  Furthermore, the Commissioner's arguments to the contrary notwithstanding, *see Commissioner's Response*, pp. 10-11, the requirement to consider the opinion of a nontreating source, 20 C.F.R. §§ 404.1527(c),

416.927(c), is not satisfied, by implication, merely because the administrative law judge relied on the opinion of a non-examining source who in turn gave little weight to the nontreating source's opinion.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** for consideration of the medical opinion of David Bousquet.  It is **FURTHER RECOMMENDED** that *Plaintiff's Motion for Remand*, Doc. No. 6, be **DENIED as moot.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

July 8, 2013                              *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge

9